18947—Motorade Co. v. Blanch Katz. Motion to certify; Cuyahoga Appeals. Overruled. Dock 2-9-25, 3 Abs. 98; O. A. 3 Abs. 197.

18947—Motorade Co. v. Blanch Katz. Motion by deft to strike motion to certify from files. Overruled.

18949—Kant-Skore Piston Co, v. Leon B. Hallstead. Motion to certify; Hamilton Appeals. Overruled. Dock. 3-10-25, Abs. 98.

18950—Kant-Skore Piston Co. v. Fred Woodead. Motion to certify; Hamilton Appeals. Overruled. Dock 3-10-25, 3 Abs. 98.

18951—Arthur E Pickering v. Cleveland Trust Co. et. Motion to certify; Cuyahoga Appeals. Overruled. Dock 3-10-25.

18955—Teresie Bedmar et. v. Alfred Forfeit. Motion to certify; Cuyahoga Appeals. Overruled.

18956—Harold Grossweiler v. State of Ohio. Motion to file pet. err to Stark Appeals. Allowed. Dock 3-10-25, 3 Abs. 98.

18958—Agricultural Credit Co. v. Linn Browne, Sheriff, et. Motion to certify; Darke Appeals. Overruled.

18959—Wakefield State Bank v. Satie Geesey et al. Motion to certify; Williams Appeals. Overruled. Dock 2-14-25, 3 Abs. 114; OA, 3 Abs. 171.

18962—Emma Colavito v. State. Motion to certify; Cuyahoga Appeals. Overruled and motion to dismiss sustained. Dock. 2-15-25, 3 Abs. 114; OA. 3 Abs. 194.

18963—Alfred Jansen et. v. Cleveland Ry. Co. Motion to certify; Cuyahoga Appeals. Overruled. Dock 2-15-25, 3 Abs 114.

18964—State, ex Phillips v. Woodlawn School Dist. Bd Ed. Motion to certify; Hamilton Appeals. Overruled. Dock 2-18-25, 3 Abs. 146.

18973—State ex Hanson, v. James W. Caldwell, Receiver et. Motion to certify; Lucas Appeals. Overruled. Dock 2-25-25, 3 Abs. 146; OA 3 Abs. 61.

18982—Meyer J. Achrach v. State. Motion to file pet. in error to Hamilton Appeals. Overruled. Dock 2-27-25, 3 Abs. 146.

18991—Edward E Curtis v. State. Motion for leave to file pet in er to Stark Appeals. Allowed. Dock 3-2-25, 3 Abs. 146; OS. Pend. 3 Abs 187.

## Weekly Abstract of PENDING CASES

### SYLLABI.

#### No. 326

#### BAYER v. RESNICK et al

No. 18980. Supreme Court

Motion to direct Cuyahoga Appeals to certify. Dock. Feb. 26, 1925. 3 Abs. 146.

**681. JURISDICTION—Has Municipal Court jurisdiction of subject matter outside city limits?**

In March 1923, Harry Bayer instituted in the Cleveland Municipal Court an action on a promissory mortgage note and also for the foreclosure of certain premises situated beyond the limits of Cleveland, but within the boundaries of Cuyahoga County. The amount of Bayer's claim on the note was $1860. Almost all the necessary parties resided in Cleveland. In June 1923 the premises were sold in accordance with the decree of the Municipal Court, and acquired by Bayer in good faith and for value, through a deed by the Municipal Court bailiff. In July, 1924, a motion to vacate the decree was filed by one of the defendants in the original action, on the ground that the Municipal Court did not have jurisdiction of the subject matter of the foreclosure proceedings, in that the premises foreclosed were situated beyond the city limits of Cleveland but within the limits of Cuyahoga County. The Municipal Court over the objection of Bayer, Aug. 6, 1924, granted the motion and vacated the decree of foreclosure and also the personal judgment obtained by virtue of the promissory note.

Error was prosecuted and the Court of Appeals affirmed the judgment of the lower court as to the foreclosure, but judgment was reversed as to the personal judgment.

Bayer in taking the case to the Supreme Court contends that under 1579 GC the Municipal Court has jurisdiction in Cuyahoga County:—to issue execution on its own judgments; in all actions or proceedings whether legal or equitable, to enforce the collection of its own judgments; in all actions and proceedings where one or more defendants reside or are served with summons in the city of Cleveland. Under this sace section the court is given jurisdiction in foreclosure proceedings.

Attorneys—Effros & Effros, for Bayer; Gerald A. Doyle for Resnick et; all of Cleveland.

---

#### No. 327

#### EMMONS v. HOPKINS

No. 18992. Supreme Court.

Motion to direct Stark Appeals to certify. Dock. Feb. 28, 1925, 3 Abs. 146.

**801. MUNICIPAL LAW—May a city pass an ordinance by which streets other than main thoroughfares, are given right of way, not so designated by statute?**

H. H. Emmons brought an action in the Stark Common Pleas for damages growing out of an accident at an intersection of streets in Alliance. Emmons' car was being driven by his wife at the time of the accident on her own business without the knowledge of Emmons. The amended petition set forth that Mrs. Emmons was driving carefully along a main thoroughfare at an intersection of this main street with another street, the car of Mack Hopkins struck the Emmons' machine. Emmons declared that Hopkins intended to turn, but in turning did not keep to the right but drove more to the middle of the street. Hopkins answered setting up that Mrs Emmons at the time of the accident was the agent of her husband and that she operated the machine in violation of a city ordinance.

The ordinance reads as follows: "The operator of a vehicle shall yield the right of way at the intersection of their paths, except at alleys and private driveways, to a vehicle approaching from the right."

Emmons contended that this ordinance was invalid and unconstitutional, in derogation of statutes, 6310-31, 6310-32 GC.

Judgment in the Common Pleas was rendered in favor of Hopkins and error was prosecuted. Emmons contended that the court failed to ap ance as being in contravention of the statutes, it erred in submitting the question of contributory negligence to the jury, for since his wife was not his agent the question could not be considered. The Court of Appeals affirmed the judgment of the lower court and Emmons in bringing the case to the Supreme Court contends: